UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ignatzio Giuliano, | ) C/A No. 6:10-2485-MBS-KFM |
|---|---|
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden, FCI Williamsburg, | ) |
| Respondent. | ) |

The petitioner is a federal prisoner at Federal Correctional Institution (FCI)-Williamsburg.[1] Petitioner was found guilty of engaging in a drug conspiracy in violation of 21 U.S.C. §§ 841 and 846 on July 2, 1991, and sentenced to a term of life imprisonment in the United States District Court for the Middle District of Florida, on November 4, 1991. See Petition, pages 3-4. Petitioner's sentence was affirmed by the United States Court of Appeals for the Eleventh Circuit. *Id. See also U.S. v. Giuliano*, 11 F.3d 165 (Table)(11th Cir. 1993). Petitioner indicates that he filed a motion to vacate under 28 U.S.C. § 2255 in the sentencing court, which was denied. *Id.* at 2. *See also USA v. Middleton, et al.*, Cr. No. 3:89-202-HES-TEM-7 (M.D.Fla.) Petitioner now invokes 28 U.S.C. § 2241, asking this Court to vacate his original sentence and re-sentence him without "the Career Offender Enhancement." *Id.* at 8.

### *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for

---

[1] It is noted that the petitioner's name is listed as Ignatizo Giuliano by the Federal Bureau of Prisons and on many of petitioner's court documents from the United States District Court fo the Middle District of Florida.

relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, the petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The petitioner has failed to make such a showing in the instant case. The fact that the petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, the petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

In the instant action, petitioner provides no factual information to demonstrate that the conduct, for which he was convicted, has been deemed non-criminal. Instead, petitioner alleges that a recent Supreme Court decision, *Carachuri-Rosendo v. Holder*, --- U.S. ----, 130 S. Ct. 2577 (2010), renders petitioner's classification as a career offender improper. Specifically, petitioner claims that his prior state convictions, if analyzed under *Carachuri-Rosendo*, do not qualify as predicate offenses. *See* Petition, page 8. Thus, petitioner appears to allege that the savings clause should be invoked, because he is

3

"actually innocent" of a sentence enhancement. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). *See also United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008)("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."). Thus petitioner's action, seeking a determination that he is actually innocent of a sentence enhancement, fails to state a cognizable § 2241 claim. *See Riddle v. Mitchell*, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010 )(finding improper a § 2241 claim, which contended that the petitioner's enhancement for failure to stop for a blue light no longer qualified as a violent offense); *James v. Stansberry*, C/A No. 3:08CV512, 2009 WL 320606 (E.D. Va. Feb. 9, 2009). *Cf. United States v. Williams*, 09-7617, 2010 WL 3760015 (4th Cir. Sept. 24, 2010)(finding prisoner actually innocent of being an armed career criminal in an appeal of an order denying § 2255 relief); *United States v. Maybeck*, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return.

The petitioner's attention is directed to the important notice on the next page.

October 12, 2010　　　　　　　　　　　　　　s/Kevin F. McDonald
Greenville, South Carolina　　　　　　　　　United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).